UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| 1031 CANAL DEVELOPMENT, LLC | * | CIVIL ACTION |
| VERSUS | * | NO. 24-2457 |
| NATIONAL FIRE & MARINE INSURANCE COMPANY, ET AL. | * | SECTION "J" (2) |

**ORDER**

Pending before me are two Motions to Seal Documents filed by National Fire & Marine Insurance Company ("NFM") and Everest Indemnity Insurance Company ("Everest"). ECF Nos. 38, 40. Although neither motion attaches a supporting memorandum and the proposed orders fail to recite the findings required by governing case law to support the proposed sealing, both as required by Local Rule 5.6(D), the Court will nonetheless address the merits of the motions. Having considered the record, the submissions and arguments, and the applicable law, for the reasons that follow, the motions are GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE.

I.   **BACKGROUND**

This insurance dispute relates to the October 12, 2019, Hard Rock Hotel collapse and involves Plaintiff's contractual and extra-contractual claims against Defendants based on a Builder's Risk policy. ECF No. 1.

Defendants have filed two motions to seal, one relating to their Memorandum in Opposition to Plaintiff's Motion to Compel and the other relating to their own Motion to Compel. ECF Nos. 38, 40. Although both motions ask for leave to file one document (Exhibit 9) under seal, each motion attaches two sets of documents for which sealing is requested:  (1) redacted Memoranda obscuring two sentences on page 4 and the unredacted Memoranda (ECF Nos. 38-2,

1

38-3, 40-2 & 40-3); and (2) unredacted copies of Exhibit 9 and fully redacted versions of Exhibit 9 (ECF Nos. 38-4, 38-5, 40-4 & 40-5).

## II.  APPLICABLE LAW AND ANALYSIS

There is a presumption in favor of access to judicial records,[1] and the standard for placing a document under seal is different from that governing whether unfiled discovery should be kept confidential.[2] "The mere fact that certain information or material has been marked as confidential pursuant to a protective order is not dispositive . . . and reference to a stipulation or protective order is not sufficient to establish the necessity of sealing any document or other tangible item."[3]

Because the sealing of judicial records is the exception rather than the norm, the court must be "ungenerous" with its discretion to seal judicial records.[4] Before sealing a document, the court must assess governing case law and determine that sealing is necessary. "To decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure."[5] "Sealings must be explained at 'a level of detail that will allow for [appellate] review.' And a court abuses its discretion if it 'ma[kes] no mention of the presumption in favor of the public's access to judicial records' and fails to 'articulate any reasons that would support sealing.'"[6]

---

[1] *8fig, Inc. v. Stepup Funny, L.L.C.*, No. 23-50890, 2025 WL 1144570, at *4 (5th Cir. Apr. 18, 2025), *petition for cert. filed*, (U.S. Sept. 23, 2025) (No. 25-340). .
[2] *See Bin Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 420 (5th Cir. 2021).
[3] Local Rule 5.6(D).
[4] *Bin Hoa Le,* 990 F.3d at 418-19 (citations omitted); *see June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519-21 (5th Cir. 2022).
[5] *June Med. Servs.*, 22 F.4th at 521 (cleaned up).
[6] *Binh Hoa Le*, 990 F.3d at 419 (citations omitted); *accord. United States v. Ahsani*, 76 F.4th 441, 452 (5th Cir. 2023) (citations omitted).

While there is a presumption of public access to judicial records, courts have recognized that this access is not absolute.[7] In certain cases, litigants may have good reasons to file documents under seal.[8] For instance, courts have found compelling interests in secrecy when a case involves a minor, protected banking or financial information, trade secrets, and national security matters.[9] Courts also recognize the strong interest in keeping personal financial records from public view, particularly when the information is that of a non-party individual.[10] Inspection of court records may not be used "to gratify private spite or promote public scandal" or to "serve as reservoirs of libelous statements for press consumption."[11]

This Court's Local Rule 5.6(A) explicitly requires a party seeking to file a document under seal to explore all reasonable alternatives, "including a line-by-line analysis of the documents or other tangible item (including documents marked confidential under a protective order) to redact only the truly sensitive information rather than simply seeking to file the entire document or other item under seal." Further, as Rule 5.6(D) makes clear:

> The mere fact that certain information or material has been marked as confidential pursuant to a protective order is not dispositive of whether the information or material will be sealed when filed with the court, and reference to a stipulation or protective order is not sufficient to establish the necessity of sealing any document or other tangible item.

---

[7] *See, e.g.*, *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978)); *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 203–04 (5th Cir. 2015) (recognizing that a court may seal documents that contain confidential business information (citations omitted)); *Ruby Slipper Cafe, LLC v. Belou*, No. 18-1548, 2020 WL 4897905, at *9 (E.D. La. Jan. 8, 2020) (noting that courts have recognized "parties' strong interest in keeping their detailed financial information sealed" because the public has a "relatively minimal interest in [that] particular information" (citations omitted)); *Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp.*, No. 97-3012, 1998 WL 186728, at *1 (E.D. La. Apr. 17, 1998) (maintaining exhibit under seal because the document contained sensitive and proprietary financial information about individual dealerships that, if unsealed, could cause commercial and competitive harm to such dealers).
[8] *Binh Hoa Le*, 990 F.3d at 419.
[9] *Doe v. Crawford*, 702 F. Supp. 3d 509, 513 (S.D. Miss. 2023) (citations omitted).
[10] *St. Charles-Guillot Inv., LLC v. One Source Roofing, Inc.*, No. 23-30, 2024 WL 5440833, at *2 (E.D. La. Oct. 21, 2024) (Long, J.) (citations omitted).
[11] *Nixon,* 435 U.S. at 598 (quotation omitted).

Despite this unambiguous instruction, the sole basis for sealing set forth in both motions is that the Stipulated Protective Order requires confidential materials be filed under seal. ECF No. 38 at 1; No. 40 at 1.

In addition, contrary to movant's assertion, the Stipulated Protective Order does not require that confidential materials be filed under seal. Rather, ¶ XVII of the Stipulated Protective Order specifies that any motions that refer or include confidential information "shall follow the procedures of the Eastern District of Louisiana for proper referencing to such Confidential Information." ECF No. 32 at 12. Rule 5.6 sets forth the proper procedures for filing documents marked confidential during discovery.

Having reviewed the attachments to both motions, the Court finds that obscuring two sentences from the supporting Memoranda is appropriate. However, the Court cannot find that sealing Exhibit 9 in its entirety, as requested, is consistent with the public's right of access. Rather, a redaction of the exhibit is the appropriate course.

### III.  CONCLUSION

Having considered the record, the submissions, and the applicable law, Defendants' Motions will be granted in part and denied in part. Defendants' request to file the redacted Memoranda in the public record and the unredacted Memoranda under seal is granted. With regard to Exhibit 9, however, Defendants are directed to review Local Rule 5.6 and re-file motions to seal after conducting the required line-by-line analysis of Exhibit 9 to prepare a proposed redacted version for filing in the public record along with the unredacted version for filing under seal.

Defendants are reminded of Local Rule 5.6(G)'s 7-day period within which to file a motion to withdraw any document submitted for filing under seal when the request is denied.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendants' Motions to Seal are GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE as stated herein.

New Orleans, Louisiana, this __12th__ day of November, 2025.

*[signature: Donna Phillips Currault]*

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE